# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| FRANK PATE, ET AL. § | |
| § | |
| V. § | |
| § | |
| MICHAEL ZIENTZ, ET AL. § | CASE NO. 4:09cv643 (LEAD) |
| _____ § | 4:10cv201 |
| § | (Judge Schneider/Judge Mazzant) |
| FRANK and LEILA PATE § | |
| § | |
| v. § | |
| § | |
| AMERIQUEST MORTGAGE COMPANY, § | |
| CHASE HOME FINANCE § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Default Judgment (Dkt. #62[1]) and Ameriquest's Motion to Vacate Default and to Dismiss for Untimely Service under Rule 4(m), alternatively to Dismiss for Mootness (Dkt. #63). Having considered the relevant pleadings, the Court finds that the motion for default should be denied and Defendant's request to vacate the default and to dismiss should be granted.

On July 1, 2010, the Court granted Plaintiffs' motion to remove their counsel. On July 1, 2010, Plaintiffs, pro se, filed a motion for default judgment against Defendants Ameriquest Mortgage Company and Chase Home Finance. On July 9, 2010, Defendant Chase Home Finance LLC ("Chase") filed an answer. Defendant Ameriquest Mortgage Company ("Ameriquest") had not appeared and the record did not show that Defendant had been properly served. On August 27, 2010,

---

[1] Plaintiffs filed another lawsuit against Defendants in Case No. 4:10cv201, which was consolidated into this case.

the Court issued a report and recommendation that the motion should be denied because Ameriquest had not been properly served (Dkt. #29). On September 21, 2010, the findings of the report were adopted. Plaintiffs then proceeded to serve Ameriquest.

On February 23, 2011, Plaintiffs filed a request for entry of default against Ameriquest (Dkt. #53). On February 23, 2011, the Clerk's Entry of Default as to Ameriquest was entered (Dkt. #54). On February 25, 2011, Chase Home Finance LLC was dismissed from the case (Dkt. #55). On January 25, 2011, American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company's Motion for Summary Judgment and Request for Hearing was filed (Dkt. #48). On March 9, 2011, the report and recommendation of the U.S. Magistrate Judge was entered recommending that the motion be granted and all claims dismissed with prejudice (Dkt. #57). On March 24, 2011, Plaintiffs filed a Motion for Default Judgment against Ameriquest (Dkt. #62). On March 25, 2011, Plaintiffs filed objections to the report (Dkt. #65). On March 28, 2011, Ameriquest filed a Motion to Vacate Default and to Dimiss for Untimely Service under Rule 4(m), alternatively to Dimiss for Mootness (Dkt. #63).

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or

otherwise. Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins.*, 84 F.3d at 141. Ameriquest now moves to set aside the clerk's entry of default, and Plaintiffs request that their motion for default judgment be granted.

Regardless, the Court finds that, even if technically proper[2], the clerk's entry of default should be set aside. A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c). "[T]he requirement of 'good cause' ... ha[s] generally been interpreted liberally." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991). Courts will look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). These factors are not exclusive, but are to be regarded simply as a means to identify good cause. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003)(citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.*

After entry of the clerk's default, Ameriquest acted promptly by filing a motion to set aside the default. In addition, there is no prejudice to Plaintiffs by setting aside the clerk's entry of default. Moreover, Plaintiffs' only claim against Ameriquest is a request to quiet title to the subject property. Ameriquest has now affirmatively disclaimed any interest in the subject property, making this claim

---

[2] Ameriquest points out that Plaintiffs failed to accomplish service within the time periods required by Federal Rule of Civil Procedure 4(m). Although this may be correct, the Court does not need to address this because there are other reasons that permit vacating the entry of default.

moot.

In light of these guiding principles, the Court finds that Ameriquest has shown such good cause here, and default judgment is simply not appropriate here. Under Federal Rule of Civil Procedure 55, default is appropriate if a defendant has "failed to plead or otherwise defend" the suit. FED. R. CIV. P. 55(a). Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). The Court finds no prejudice to Plaintiffs, the Clerk's Entry of Default should be vacated, and the motion for default judgment should be denied.

Furthermore, the Court finds that Ameriquest's alternative relief should be granted and Ameriquest should be dismissed. Ameriquest has disclaimed any interest in the subject property, and Plaintiffs have no plausible claim for quiet title against Ameriquest. Therefore, any claim to quiet title against Ameriquest would be moot.

It is therefore ORDERED that Plaintiffs' Motion for Default Judgment (Dkt. #62) is hereby DENIED and Ameriquest's Motion to Vacate Default and to Dimiss for Untimely Service under Rule 4(m) (Dkt. #63) is hereby GRANTED.

It is further ORDERED that the Clerk's Default against Ameriquest be vacated.

It is further ORDERED that Ameriquest's Motion to Dismiss based upon Mootness is hereby GRANTED and Ameriquest is DISMISSED.

**SIGNED this 25th day of April, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE